IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:19-CV-47-BO

| | | |
|---|---|---|
| CHRISTOPHER BROADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 15, 19]. A hearing was held on these matters before the undersigned on November 10, 2020 via videoconference. For the reasons discussed below, plaintiff's motion for judgment on the pleadings is DENIED and defendant's motion is GRANTED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for period of disability and disability insurance benefits pursuant to Title II of the Social Security Act and his application for supplemental security income pursuant to Title XVI of the Social Security Act. Plaintiff protectively filed an application for benefits on November 1, 2015 and alleged a disability onset date of July 9, 2015. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), which occurred on September 25, 2017. The ALJ issued an unfavorable ruling, finding that plaintiff was not disabled, which became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe

2

impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since November 1, 2015, the ALJ found that plaintiff had osteoarthritis; obesity; essential hypertension; anxiety disorders; and depressive, bipolar, and related disorders, but that they did not meet or medically equal the severity of one of the listed impairments. The ALJ found that plaintiff could perform light work with limitations and that, although he could not perform any past relevant work activities, he was able to perform other work that existed in significant numbers in the national economy.

Plaintiff challenges the ALJ's decision that plaintiff was not disabled within the meaning of the Act as not supported by substantial evidence. Contrary to plaintiff's argument, the ALJ gave good reasons for his determinations. Plaintiff relies on two opinions from consultative physicians who examined plaintiff once early in the disability period, but the ALJ gave these opinions less weight in favor of medical evidence largely from later in the disability period. In doing so, the ALJ considered the relevant factors of examination relationship; longitudinal picture; supportability, consistency; and other factors, such as the extent to which the physician is familiar with other parts

3

of the record. Considering that these consulting physicians were one-time examiners without a longitudinal picture and wrote opinions that were not supported by the majority of the record period or by the evidence, which was later-recorded and therefore not reviewable by these physicians, the ALJ's decision was supported by regulations and the record.

Furthermore, the ALJ noted that Dr. Albert, in his opinion, stated that plaintiff tended to embellish his problems and that the reliability of the records he reviewed were questioned. Tr. 537. Additionally, although Dr. Albert found that plaintiff would have difficulty tolerating the stress and pressures associated with a typical work day and relating to coworkers and a supervisor in a typical work setting, later evidence showed that plaintiff's medication was helpful; his attention and concentration were good; his insomnia was minimal; his depression was stable; and his mood swings, panic, and anxiety were all mild. Tr. 38. As to Dr. Masere's evidence, the ALJ's finding that less weight was warranted based on the full record. Following Dr. Masere's examination, medical evidence showed that pain in his left hip improved and that his left heel pain was only tender to palpitation and did not create any limitations. Tr. 604, 619. Further examinations had normal results, showing no decline in exercise capacity and no fatigue, muscle weakness, tingling, or tachycardia. Tr. 585, 606, 615, 618. Even later examinations revealed no edema or weakness in plaintiff's extremities. Tr. 582. This evidence from the medical record is sufficient to support a finding that plaintiff is not as limited as Dr. Masere suggested in his examination that took place only six months into the three-and-a-half review period. Tr. 37.

Finally, the ALJ's determination that plaintiff's shoulder bursitis is not severe is supported by the record. There is nothing in the record to indicate that plaintiff had any complaints of

4

shoulder bursitis or any limitations for an alleged rotator cuff injury. He did not complain of shoulder pain to his physicians, and examinations of his extremities were routinely normal.

The Court finds no error in the ALJ's analysis or explanation of the weight afforded to the opinions rendered by the consulting physicians. The RFC finding is sufficiently supported by substantial evidence.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision as a whole is supported by substantial evidence and the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 15] is DENIED and defendant's motion [DE 19] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this __22__ day of November, 2020.

                                                    *Terrence W. Boyle*
                                                   TERRENCE W. BOYLE
                                                   CHIEF UNITED STATES DISTRICT JUDGE